## ANDERSON v. UNITED STATES.
### No. 2970.

United States District Court
W. D. Washington, N. D.
May 14, 1952.

C. E. Hughes, Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., Seattle, Wash., for defendant.

LINDBERG, District Judge.

Plaintiff, as executor of the estate of Catherine C. Anderson, deceased, is seeking judgment against the United States by reason of an "Annuity Certificate" issued to Catherine C. Anderson as the widow of Charles H. Anderson, on May 23, 1951 by the United States Civil Service Commission pursuant to the provisions of 48 U.S.C.A. § 1373. The facts are stated in detail in the complaint. Defendant filed an affirmative defense which alleges, in substance, that any benefits payable to Catherine C. Anderson under the law applicable lapsed upon her death and that her death occurred before the issuance of the certificate and before any payment had been made. The plaintiff has moved to strike the affirmative defense. Both parties agree that the disposition of this motion will be determinative of the case.

Plaintiff's claim is based upon 48 U.S. C.A. § 1373 to § 1373g. This law first recognizes the distinguished service of those who built the Panama Canal. It then provides, in § 1373a, that such employees are "entitled to receive the thanks of Congress" and to be "rewarded by gratuity, annuity, or other benefit under any provision of law". It then provides that all employees are entitled to receive a certain annuity as therein calculated. Such annuity to be paid "for and during the remainder of his life".

Section 1373b, provides that payment of the annuity shall be by check. The section further provides for the application for annuity which shall be in such form as the Civil Service Commission shall prescribe and supported by such certificates as they may prescribe. Further, "Upon receipt of satisfactory evidence, the Civil Service Commission shall forthwith *adjudicate* the claim of the applicant, and, if title to annuity be established, a proper certificate shall be issued to the annuitant under the seal of the Civil Service Commission."

Section 1373c provides for the payment of similar annuities to the undivorced wife of such employee.

Section 1373d has no application to the question here involved.

Section 1373e provides, in part, "for the purposes of administration, the Civil Service Commission is hereby authorized and directed to perform, or cause to be performed, any and all acts, and to make such rules and regulations as may be necessary and proper for carrying into full force and effect the provisions of § 1373–1373g of this title."

Section 1373f provides that none of the annuities or moneys mentioned in the Act shall be assignable either in law or equity or be subject to any execution, levy, lien, attachment, garnishment, or other legal process.

Section 1373g has no application to the question here involved.

Catherine C. Anderson was the widow of a former employee who worked on the Panama Canal. Apparently such employee had died some time previous to the death of Catherine C. Anderson. Catherine C. Anderson made proof under

526

the Act and the same was sent to Washington and receipt of same was acknowledged on January 9, 1951. She died March 1, 1951. The Civil Service Commission did not issue the certificate until May 23, 1951 and the check was issued on June 1, 1951. When the check reached Seattle Mrs. Anderson's executor endorsed the check and payment was refused by the United States.

 The Civil Service Commission in acting upon Mrs. Anderson's application was doing more than performing a purely administrative act. Under the terms of the law the Commission was called upon to "adjudicate the claim of the applicant." It was acting in a semi-judicial capacity. It may be that in this case the proof which she submitted and receipt of which was acknowledged January 9, 1951 was complete. But suppose it was not complete. Would not the Commission have had the right to ask for additional or supplemental proof? Undoubtedly they would have.

Had the Commission known that Mrs. Anderson had passed away on March 1, 1951 it is reasonable to assume that they would not have issued an annuity certificate under date of May 23, 1951. The entire Act makes it clear that any annuity granted to an employee or his widow is personal and a grant for life only, and § 1373f particularly serves to lend emphasis to such interpretation.

It is the conclusion of the court, therefore, that the widow, Mrs. Anderson, could have no right to an annuity under the Act until the Civil Service Commission adjudicated her claim. That adjudication was not made until May 23, 1951, at which time a finding essential to a valid adjudication, namely, that the applicant was living, could not be made.

None of the cases submitted by counsel or found by the court bear on the precise question here involved. A Washington case—Adams v. Ernst, 1 Wash.2d 254, 95 P.2d 799, while relating to different facts, supports the principle followed by the court in reaching a conclusion.

The motion to strike is denied.